Okay, and now we will turn to case number 23-40546, Morrow v. Jones. as the current mayor of Tonaha, and we'll begin with Timothy Garrigan, I hope I get it right, for James Morrow. As is probably already clear, Tim Garrigan here, representing the plaintiffs. There are several issues that we've raised on appeal. I think it's important to note that this case was previously appealed on the denial of the same fees that are at issue here. Yeah, I'm well aware. Probably don't need me to remind you then. Well, no, it wasn't this exact panel. Yes. There seems to be a disconnect. I don't see a whole lot of that prior opinion being reflected in what the district court did here. Basically, the prior opinion reversed the denial of fees because the process was not fair and proper as required by the manual for complex litigation, which also requires greater court supervision in class action cases, especially regarding attorney's fees. I don't see a lot of that in the court's order here either. The biggest problem we see, and the most obvious, is that the fee award in this case was issued without the required notice to the class. That's a strongly mandatory requirement for any fee award in a class action case. That was not done here. I would point out that that's a burden or that's an obligation put on the district court to make sure that the class is given fair notice. It's not typically put on one party or the other, but in fact, in this case, the defendants in the prior two fee awards, the defendants were the ones that took the lead in obtaining court approval of the notice. As a factual matter, in this case, with this fee award, did class counsel ever notify the district court that notice had not been provided? No, nor did we have the opportunity to do so. When the case was remanded after the first appeal, the court almost immediately issued a stay pending a court-ordered mediation. We took that to mean we were prohibited from trying to introduce any new matters to the court while the mediation was going on. The mediation ended and the court ruled almost within a week or two without giving us, you know, we were expecting some additional word from the court. Perhaps he'd want more briefing. There'd be some scheduling issues. We did not expect that he would, you know, just suddenly issue his fee award without ever lifting the stay. So it's your view that class counsel doesn't have any responsibility, none whatsoever, to ensure that the class receives notice of the fee motion? Oh, no, no. I'm not saying that. I'm saying I don't think we had the opportunity to. How would you describe the relative responsibility as between class counsel and the district court? I think all parties, because it's a requirement, all parties and the court have an interest in seeing that this is done. The court, there's a reason why that duty, I think, has to fall primarily on the district court, and that is that the whole purpose of the notice is to prevent any sort of collusion between counsel that would take advantage of the class. If plaintiffs had the ability to waive notice, or if the parties had the ability to waive notice, that would eviscerate the whole purpose of this mandatory notice provision in Rule 23. And, again, this is the same rule that was discussed at length in the earlier appeal, the importance of Rule 23 being applied in a class action case. But, again, this happened very quickly. There was no time. The court scheduled no other proceedings. He simply stayed anything. When mediation was unsuccessful, he very quickly issued his decision. He didn't request a hearing or anything. Counsel, I'm looking at the notice of appeal that you filed. Yes. And it says notice is hereby given that plaintiffs in this case, and then it lists the plaintiffs, appeal this fee award. The attorneys that were designated to receive the fee award did not appeal in their name. Is that right? That's correct. The fee award, I know there's some sort of ambiguity about that. But the fee award, especially in a case like this, is to benefit the plaintiffs. It's the key to the courthouse door. Is there a common fund in this case? No. So in a common fund case, I can understand this idea, right, because the attorneys and the plaintiffs are sharing a pot. It makes some sense as that you could see that maybe both need to appeal, maybe the plaintiffs need to appeal. But I'm not sure I understand how the plaintiffs would have Article III standing, appellate standing, to appeal in this case, because I don't see how whatever happens with this appeal, how this impacts the plaintiffs one way or the other. Correct me if I'm wrong. I'm looking also at the consent decree. It looks like the fees are paid from the defendant to class counsel. 1990 of the record, this is the fee provision in the consent decree. What are the plaintiffs' interests in this one way or the other? They have a right to notice. I certainly understand that. I'm trying to figure out the fee question. Maybe I'm not understanding the question. The parties would always have the ability to collude over the fee. That could always work against the plaintiffs. And this is what's to prevent that from happening. So let me ask the question this way. Are you aware of a case from our court that says the plaintiffs have Article III standing to appeal the denial of a fee award to plaintiffs' counsel? I'm aware of case law of that effect. I can't cite the case to you right now. I'm concerned about it because I'm aware of several cases from other circuits that say no. In the definitive treatise on federal courts, Wright and Miller says no. And I'm not sure if ‑‑ I don't know if we have any cases from our court that have answered it one way or the other. But I can't think of ‑‑ you know, the Supreme Court has instructed us to be very careful when it comes to Article III limits on our jurisdiction. And I'm having trouble understanding what the plaintiffs in this case have at stake and whether you get paid. By the defendants, I should say. No, no, no. It comes back to the same thing. It's the key to the courthouse door. It's sort of one of three legs on the stool that holds up individual rights. If the plaintiffs' counsel can't get paid, it's the end of the enforcement of most individual rights in federal court. Oh. I think the plaintiffs, writ large, have a huge interest in this. Well, I mean, I assume the plaintiffs agreed to the consent decree. At least the Damon ones did. Excuse me? I mean, I assume some form of your clients, at least the named plaintiffs, agreed to the consent decree.  And so if by inference, right, the plaintiffs would read Section V and it says the defendants will pay you, right? And so I can understand why the plaintiffs could think this was satisfied, but I don't understand when there's a dispute about the fees. But anyway, I guess I don't mean to consume all your time with it. You understand my concern, I suppose. Actually, I think so. The issue has not been raised before in the case, but I would, you know, I'm just, I wasn't prepared to answer those questions right now. Well, are the lawyers parties to this case? So would they be able to appeal? I believe they would be able to appeal under the case law. Okay. So do you think that then this is, we lack jurisdiction? No, no. I think the lawyers and the plaintiffs can initiate an appeal. Would the plaintiffs owe the lawyers? Maybe I didn't hear what you said on that. Excuse me? Would the plaintiffs owe the lawyers if the defendants don't pay? The plaintiffs of the lawyers. Good question. Yes. Oh, really? That's news to me. It's a good question because is there an agreement between the plaintiffs and the Plaintiffs' Council that the plaintiffs have to pay your fees if the defendants don't? No. Sorry. Then I misunderstood your answer to Judge Haynes. Excuse me? No, there's. Okay. Let's say you were owed $10,000 and the defendants wouldn't pay it and they didn't have to. Who would pay you? Nobody. Okay. So the plaintiffs don't owe you? Correct. Okay. It might be helpful for you to write up on this because I can tell that it's a little bit of a confusing thing in your mind. It's important, of course. Jurisdiction is always critical to us. So if you would like to write us, and of course your opponent can as well, write us a letter on how we have jurisdiction given what we've asked about. Yes. I would appreciate that opportunity.  But your position is that they're appealing because they weren't noticed. And that's something that's their right. Correct. That is one of the arguments on appeal. There are also arguments that the court denied fees earned after December 2020 that are still accruing and has denied those going into the future. Again, without giving notice of a deadline or anything as discussed in the first appeal. Let's see. Then there are . . . it gets more granular at this point. The district court incrementally reduced the fees by 82%, raising arguments that are really not supported by the evidence, either evidence submitted by the defendants or evidence really that the court supports. I think when you look, you'll find that the only substance is that it's listing the court's impressions. There's no supporting evidence from the defendants or listed anywhere by the court. And that would sort of require a more granular analysis of all of the issues in the case. One of the bigger issues, I think, that is also here is the way that the district court segregated claims for determining success or not. I think that's one of the biggest issues that the district court segregated claims for determining success or not. I think that's one of the biggest issues that the district court segregated claims for determining success or not. You did. Thank you, Judge Haynes. Excuse me. I'd like to first discuss kind of the timeline of this case because things did not happen in rapid succession as opposing counsel suggests. As noted in your prior opinion, Ms. Haynes, or Judge Haynes, the consent decree expired in July of 2020. The motion that the order was issued on wasn't filed until after the expiration of that consent decree. That's on the record at 3260, and that was in March of 2021. In that motion, plaintiffs' counsel sought for fees that were during the consent decree time period and then also post-consent decree time period. After that, in April, at the record of 3309, is when the defendant's city, who at the time was the only named party left as a defendant, filed a response. Then this court issued an opinion in February of 2023. The trial court did issue a stay, but it was only a stay as to deadlines. It wasn't a stay as to all proceedings, and that's on the record at 3394, and that was in March of 2023. Then the parties attempted mediation, and the mediator declared a final impasse in May of 2023, and that's on the record at 3399. It wasn't until August of 2023 when the court issued the order that's now subject to this appeal. And so it wasn't a week or two later. And so from 2020, July of 2020, until August of 2023, at no time did plaintiffs' counsel take any action to attempt to notify the plaintiffs of this motion. And, in fact, at that time, the class had already been satisfied. The class was satisfied back in July of 2020. And so the three things, essentially, that the appellant is raising on appeal is whether the class got notice or has actually was directed the motion for attorney's fees, and then two, whether there was a deadline set by the court as discussed in Rule 23, and then the last issue is the reduction of the fees and the calculation by the court. And so with regards to the notice to the class, Judge Willett, I kind of agree with the vein that you were going down in your questioning, is that while it's just an imposition in Rule 23 that the class get notice, I do believe that the obligation to ensure that the plaintiffs actually get notice of the motion for attorney's fees is on the burden of plaintiff. He is the one that is actually representing the class, ensuring that these obligations and the rules are satisfied as to them. And he had approximately three years to do it, and at no time did he ever take any action, nor did he ever raise it to the court. Even after the order was issued, he could have raised this issue as a concern through a Rule 59 motion. What's your view on the jurisdiction of our court? Judge Haynes, I did not even take that up as a consideration, and I would be happy to brief that to the court. Okay. If we, if, just for the sake of argument, we think the district court should have given notice to the class, what should we do? Should we vacate and remand so that notice can be given? Should we do something else? So are you, you're just talking about notice of the motion. So I looked into this issue, and I cannot find a case where there is just declaratory injunctive relief that was the award for the class, and then there was an attorney's fees motion afterward, and what that notice looks like. In all honesty, these plaintiffs are not going out and searching the NAACP website where the prior notices were being sent. As a practical matter, I don't believe that's happening. And so the fact that the motion is actually filed in public record in their case that they know they're a party to, I believe that that would constitute notice to the class or direction to the class in this specific setting because you don't have class members that are being given individualized notices. We're not sending out mass mailers to let them know what's going on in the case. And so I believe that you just affirmed the trial court's order. The other major issue that the appellate brings on appeal is whether there was a deadline set by the court. And again, I think this case poses a little bit of a different scenario than any of the case law that's actually cited by the appellant in the fact that here the class was satisfied prior to Mr. Garrigan's filing of his motion for attorney's fees. And so in that setting here, the trial court before it had a class that had been satisfied and the terms of the consent decree had expired in 2020. Now you have a motion for attorney's fees that includes subsequent work to the expiration of the consent decree that's filed. And then you have a response. And so the defendants have obviously objected. And so while I can't get into the head of the federal court trial judge, I don't know what a deadline would have done when effectively he's already filed, plaintiff's attorney has already filed a motion for attorney's fees even post the expiration of the class. And then regarding the reduction of the attorney's fees, I think that the trial court's order addresses the lodestar method. And I apologize. I did see in my brief where I referenced the Johnson factors, and the Johnson factors were not considered by the trial court. He simply calculated the lodestar. And so what the trial court did was look to the hourly rate of the trial attorneys. And I will say that they did request an increase of their fee amount, but the judge denied that request based on his prior issuance of other fees in this case and used the hourly rate that he had previously used. And then he methodically walks through the time and efforts of counsel and deducts items that he finds to be either duplicative or excessive as allowed by law. I think one of the issues that the appellant attorney brings up is that the trial court used both percentage amounts in reduction and then kind of threaded the needle as well and took out some things that the trial court believed was attributed only to the county. And I think the appellant believes that that's impermissible, but there's no case law on that that says that a trial judge can't find something specific that's unrelated and carve that out and not award fees for that and then look at the remaining work and decide that, no, that needs to be reduced by 50% because it was excessive. The other thing I do want to address is with regard to the amount of the attorney's fees awarded, the appellant believes that there was a double reduction based upon some carving out or a subtraction of fees on a settlement that was provided by the county. And I think if you look at the total amount of settlement, in actuality, it was $186,500 when the credit was, I believe, around $84,000 in the judge's order. It might have even been less than that. I apologize. I don't have that right in front of me, that number. And I believe that if you look at the record, there are footnotes in the court's order at 3412, and I believe that that fairly addresses that concern that the appellants have. And you can compare that to the plaintiff's or the appellant's motion at the trial level at 3264. If the court doesn't have any other questions, I'll give back the balance of my time. Okay. Thank you.  We'll hear the rebuttal. The failure to follow most of the requirements of Hensley. is, I think, of paramount importance here. The court is supposed to accept as reasonable fees for efforts that are related either by fact or common legal theory to the success in the case. That was not done here. Here, the court segregated out different issues without consideration of the fact that they had facts in common and law in common. In fact, this fits the typical example of a case, institutional reform, class action, where it's impossible to segregate those issues. Hensley says very distinctly, you cannot segregate it into separate issues when they are related. Now, the court still has discretion to reduce fees, but it has to do it based on the overall results of the case, which the court never considered here. That's something that, you know, it's just basic black letter fee law that the district court disregarded entirely. And also, again, the court did award lower rates, but nobody, they could not find a lawyer to come in and say they would have done this case at lower rates. They didn't have any evidence to support that. They never submitted any evidence to support that. They similarly didn't have any evidence supporting any of the other reductions that the judge used in this case. For all those reasons, we would ask that the court, you know, reverse the fee order here and maybe even consider this court's option to enter a modified fee award. It's been a long, long time trying to get these fees, and we're about to have to start over again. And maybe that's wishful thinking on my part. But at some point, this needs to be brought to an end, and I think it needs to be done in a way that does permit classes with meritorious cases to take their cases to court. This fee award would not do that. Thank you. Okay. Thank you, both sides. We request that you do a short letter brief addressing the jurisdictional questions that we asked today. I'd like to have it by July 16th. If you all are in agreement on the jurisdiction question, you can do a joint letter. If not, then write separate letters and file them online with the court as you handle briefs and so forth. You do it the same way. Okay. With that, thank you both. The case is now under submission, and we're going to take a short-